﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 190621-15327
DATE: June 16, 2020

REMANDED

Entitlement to service connection for esophageal stricture with esophageal reflux and dysphagia is remanded.

REASONS FOR REMAND

The appellant served on active duty in the U.S. Navy from December 1988 to December 1994.

This matter comes before the Board of Veterans’ Appeals (Board) from an April 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), which, in pertinent part, denied entitlement to service connection for esophageal stricture with esophageal reflux and dysphagia. 

A VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) was received on June 21, 2019. The appellant selected the Evidence Submission option. 38 C.F.R. § 19.2(d). As explained on such form, the Evidence Submission option entails review of the evidence of record of the time of the prior decision and evidence submitted within 90 days of the election of the Evidence Submission option. 

1. Entitlement to service connection for esophageal stricture with esophageal reflux and dysphagia is remanded.

The appellant contends that he recently developed esophageal stricture with esophageal reflux and dysphagia as a result of residuals from the 1980s treatment for his service-connected Hodgkin’s lymphoma, including residual scarring. See e.g. May 2016 VA Form 9.

The RO made favorable findings that the appellant underwent radiation therapy in service, has a current diagnosis of esophageal stricture with dysphagia and esophageal reflux, and that a positive opinion linking esophageal stricture with dysphagia and esophageal reflux to in-service treatment is of record. These favorable findings bind the Board, as do all of the RO’s favorable findings. 

The March 2018 VA examiner rendered a negative etiological opinion on a secondary basis but did not address aggravation. While the November 2018 contracted examiner offered a positive opinion on a secondary basis, such did not address the significance, if any, of the distal location of the esophageal stricture with respect to the typical radiation field for his Hodgkin’s disease treatment and the appellant’s history of longstanding, chronic alcoholism, upon which the March 2018 negative opinion was based.

As such, remand is required in order to cure the pre-decisional duty to assist error of not obtaining an adequate etiological opinion which addresses both secondary service connection and aggravation. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

The matter is REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician as to the nature and etiology of the appellant’s esophageal stricture with esophageal reflux and dysphagia. Following review of the claims file, the clinician should opine as to the following:

Is it at least as likely as not that the appellant’s esophageal stricture with esophageal reflux and dysphagia was proximately due to or the result of the appellant’s service-connected Hodgkin’s disease?

If not, is it at least as likely as not that esophageal stricture with esophageal reflux and dysphagia was aggravated by the appellant’s service-connected Hodgkin’s disease? If aggravation is found, the examiner must attempt to establish a baseline level of severity prior to aggravation.

In providing the requested opinions, the clinician should review the relevant evidence of record, to include the March 2018 VA examination report and opinion, the November 2018 contracted examination report and opinion, and the appellant’s contentions that he recently developed esophageal stricture with esophageal reflux and dysphagia as a result of residuals from the 1980s treatment for his service-connected Hodgkin’s lymphoma, including residual scarring.

If there is any medical reason to accept or reject the proposition that residuals of the appellant’s 1988 radiation treatment for Hodgkin’s disease caused or aggravated his current disabilities, this should be noted. Stated another way, do the appellant’s reports about his symptoms align with how the currently diagnosed disabilities are known to develop or are the appellant’s reports generally inconsistent with medical knowledge or implausible?

 

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

If the clinician determines that an examination of the appellant is necessary, one should be scheduled.

 

K. Conner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Behlen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.